**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30117 |
| Plaintiff-Appellee, | D.C. No. 1:02-cr-00133-SPW-1 |
| v. | |
| JACKSON BRYANT BAUGUS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted March 3, 2020[**]

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Jackson Bryant Baugus appeals from the district court's order granting

summary judgment for the government in his action for return of property under

Federal Rule of Criminal Procedure 41(g).  We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court concluded that Baugus was not entitled to relief because the property he sought was not in the possession of the United States. However, at the government's urging, the court ordered the government to find a way to return the property to Baugus and instructed Baugus to "provide to the United States the name and address of a person authorized to take possession of all of his property remaining in the custody of the Billings Police Department." Rather than provide that information to the government, Baugus filed the instant appeal.

We need not reach Baugus's contention that the United States constructively possessed the property at issue because, even if that is correct, Baugus has obtained all the relief to which he may be entitled. The district court has already ordered the government to return his property and, contrary to Baugus's contention, he may not obtain money damages under Rule 41(g), *see Ordonez v. United States*, 680 F.3d 1135, 1140 (9th Cir. 2012) ("[A]n award of money damages against the government under Rule 41(g) is barred by sovereign immunity."). To the extent Baugus challenges the district court's 2004 final order of forfeiture and its subsequent writs of garnishment and disbursement orders, we will not consider those arguments because they were raised for the first time in Baugus's reply brief, *see United States v. King*, 257 F.3d 1013, 1029 n.5 (9th Cir. 2001), and they are beyond the scope of this appeal.

**AFFIRMED.**

19-30117